J-S08039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ADRIAN LANIER SPEEDWELL | : | |
| | : | No. 1222 MDA 2020 |
| APPEAL OF: FINANCIAL CASUALTY AND SURETY, INC., AND CARTER THOMAS MCCUE | : | |

Appeal from the Order Entered September 9, 2020
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0003125-2019

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED APRIL 14, 2021**

Financial Casualty and Surety, Inc. ("Financial Casualty"), and Carter Thomas McCue ("Bondsman McCue") (collectively "Appellants") appeal from the order entered in the Court of Common Pleas of Cumberland County denying their "Motion to Vacate Bail Forfeiture and Exonerate Surety" pursuant to 42 Pa.C.S.A. § 5747.1.  After a careful review, we affirm.

The relevant facts and procedural history are as follows: Adrian Lanier Speedwell ("Defendant Speedwell") was arrested and charged with one count of possession with the intent to deliver a controlled substance, 35 P.S. § 780-

_____

[*] Former Justice specially assigned to the Superior Court.

113(a)(30), and one count of conspiracy, 18 Pa.C.S.A. § 903. On October 8, 2019, Bondsman McCue, who is a professional and licensed bondsman, posted a surety bond in the amount of $50,000.00 for Defendant Speedwell's bail. Financial Casualty issued the surety bond.

> On January 23, 2020, Defendant Speedwell appeared for arraignment before the Honorable Edward Guido, and he requested a continuance so that his attorney could be present at the time of arraignment.
>
> Judge Guido granted the request and issued an order on January 23, 2020, continuing the arraignment as requested, but continuing it in error to January 28, 2020. Defendant [Speedwell] had requested that the next court date not be set for January 28[, 2020], as he had another court date in Philadelphia on the same date. Accordingly, Judge Guido dictated on the record that the next court date for arraignment, of which Defendant [Speedwell] had notice, would be on February 11, 2020, at 9:30 a.m. ***See*** Notes of Transcript of Arraignment, January 23, 2020. Apparently, the court reporter typed the incorrect date into the order that was filed of record.
>
> On January 28, 2020, not being aware of the error in the appearance date as set forth above, Jude [*sic*] Guido issued a bench warrant for Defendant [Speedwell's] arrest and forfeited the bail.
>
> On January 29, 2020, Judge Guido apparently became aware of the error and issued an order the same date vacating the bench warrant, reinstating bail, and specifically stating that the "bench warrant was improvidently issued." Judge Guido further issued an amending order on the same day to reflect that Defendant [Speedwell's] arraignment was continued to Tuesday, February 11, 2020, at 9:30 a.m., rather than January 28, 2020.
>
> Defendant [Speedwell] did not fail to appear at arraignment.[1]

---

[1] The record reveals Appellant signed an acknowledgement of arraignment which, *inter alia*, directed him to appear on March 3, 2020, for a pre-trial conference. The acknowledgment of arraignment was filed in the trial court on February 11, 2020.

\*\*\*

On March 5, 2020, [the trial court] issued a bench warrant and forfeited bail for Defendant [Speedwell's] failure to appear for a pre-trial conference.

On March 13, 2020, the Clerk of Court issued a notice of revocation and intent to forfeit bail to Bondsman McCue, Financial Casualty…, and Defendant Speedwell for his failure to appear at the pre-trial conference. Bondsman McCue and a representative from Financial Casualty signed the certified mail for same thereafter.

On July 9, 2020, the Clerk of Court mailed a quarterly statement noticing that any unpaid bail forfeitures that remained unpaid 30 days after the date of the statement (here March 13, 2020) shall result in suspension of the bondsman's ability to conduct business in the county.

Trial Court Order, filed 9/9/2020, at 1-2 (paragraph numbers omitted) (footnote added).

On August 4, 2020, Appellants filed a "Motion to Vacate Bail Forfeiture and Exonerate Surety." Therein, Appellants indicated the following:

[Appellants] are responsible for the bail in the above-captioned criminal matter. Bondsman McCue is the posting agent. He was duly licensed and authorized to serve in that capacity.

[Appellants] posted a bond in the amount of $50,000.00 with the Cumberland County Court of Common Pleas on behalf of Defendant [Speedwell].

On January 28, 2020, [Defendant] Speedwell failed to appear for arraignment. As a result, a bench warrant was issued and bail forfeited pursuant to a court order.

On January 29, 2020, bail was reinstated pursuant to a subsequent order.

Bondsman McCue was not notified and did not consent to the reinstatement.

Per Title 42 Pa.C.S.A. Judiciary and Judicial Procedure, Section 5747.1, no bail can be reinstated without the written consent of the bail bondsman.

\*\*\*

Bail in the instant matter was reinstated without the consent required by law.

[Appellants] aver that bail forfeiture in the instant matter deprives them of property in a manner that violates the due process protections set forth in the Constitutions of the United States of America and the Commonwealth of Pennsylvania.

WHEREFORE: [Appellants] ask that bail forfeiture be vacated and the bond exonerated.

Appellants' Motion, filed 8/4/20, at 1-2 (paragraph numbers omitted).

Moreover, in the affidavit attached to the motion, Bondsman McCue averred he "received a bail forfeiture notice via first class mail postmarked 02/25/2020, due to [Defendant Speedwell] missing arraignment in court on date 01/28/2020." McCue Affidavit, dated 7/27/20. He also averred that "[i]n the same envelope…[he] received notice that the county of Cumberland reinstated [Defendant Speedwell's] bail on 01/29/2020 without [Bondsman McCue's] written permission as required by Title 42, Section 5747.1, subsection (b)(2)." *Id.* He noted he never appeared in any court proceeding or gave consent in any other manner for the bail to be reinstated. *Id.*

On September 9, 2020, the trial court filed an order denying Appellants' "Motion to Vacate Bail Forfeiture and Exonerate Surety" under Section 5747.1.[2] On September 23, 2020, Appellants filed a notice of appeal, as well

_____

[2] In addition to the "Motion to Vacate Bail Forfeiture and Exonerate Surety," Appellants filed an emergency petition to make payments on the bail forfeiture. On September 10, 2020, the trial court entered an order granting Appellants permission to make payments in lieu of paying the lump sum of $50,000.00.

- 4 -

as a Pa.R.A.P. 1925(b) statement. On November 5, 2020, the trial court filed a Rule 1925(a) opinion in further support of its September 9, 2020, order.

Appellants set forth the following issues in their "Statement of Questions Presented":

A. Is the court permitted to deviate from the requirement to notify bondsman and surety when reinstating bail as set forth in Title 42 Chapter 57 "Bonds and Recognizances"[?]

B. Did the court's denial [of] Appellants' motion violate Due Process rights under the constitutions of the United States of America and the Commonwealth of Pennsylvania?

Appellants' Brief at 4.

In their first issue, Appellants aver that, after the trial court ordered Defendant Speedwell's bail forfeited on January 28, 2020, the trial court erred in reinstating the bail on January 29, 2020, without the written consent of Bondsman McCue as is required by the plain and explicit language of 42 Pa.C.S.A. § 5747.1(b).

Initially, we note that Appellants' issue involves statutory interpretation. Statutory interpretation is a question of law. *Commonwealth v. Hall*, 622 Pa. 396, 80 A.3d 1204, 1211 (2013). Therefore, our standard of review is *de novo,* and our scope of review is plenary. *Id.*

As our Supreme Court has held:

In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S.[A.] §§ 1501 *et seq.*, which directs us to ascertain and effectuate the intent of the General Assembly. 1 Pa.C.S.[A.] § 1921(a). To accomplish that goal, we interpret statutory language not in isolation, but with reference to the context in which it appears. A statute's plain language

- 5 -

generally provides the best indication of legislative intent. ***See Penna. Fin. Responsibility Assigned Claims Plan v. English***, 541 Pa. 424, 664 A.2d 84, 87 (1995) ("Where the words of a statute are clear and free from ambiguity the legislative intent is to be gleaned from those very words."). Only where the words of a statute are ambiguous will we resort to other considerations to discern legislative intent. 1 Pa.C.S.[A.] § 1921(c)[.]

***Commonwealth v. Kingston***, 636 Pa. 438, 143 A.3d 917, 922 (2016) (citations omitted).

The statute at issue, 42 Pa.C.S.A. § 5747.1,[3] provides, in relevant part, the following:

> **§ 5747.1. Forfeited undertaking**
>
> **(a) General rule.--**If a defendant in a criminal prosecution fails to appear for any scheduled court proceeding, the defendant's bail may be revoked and notice of revocation shall serve as notice of intent to forfeit the bail of the defendant. The notice or order of revocation shall be served by the office of the clerk to the defendant, surety or bail bondsman and insurer who has issued the qualifying power of attorney for the bail bondsman by certified mail, return receipt requested.
>
> **(b) Payment.--**The following shall apply:
>
> (1) Ninety days from the date of the service of the notice of revocation or order of revocation, the revocation shall become a judgment of forfeiture, payment of which shall be immediately required by the defendant or surety. Failure of a bail bondsman to make a timely payment of a forfeiture judgment shall result in the district attorney or county solicitor commencing proceedings to suspend or nonrenew the license of the bail bondsman otherwise consistent with section 5746 (relating to suspension or revocation of authority to conduct business in a county).
>
> (2) Payment of forfeited undertaking shall be made directly to the office of the clerk not later than the close of business on the 91st day following the service of the notice of revocation. If the defendant has been recovered and placed into custody through

---

[3] 42 Pa.C.S.A. § 5747.1 became effective on October 30, 2015.

the efforts of the bail bondsman or proof has been provided to the court that the defendant was discovered by the bail bondsman to be in custody in another jurisdiction prior to the 91st day, no payment of the forfeited undertaking shall be required. If the defendant is placed into custody or discovered to be in custody, the court shall set aside the bail revocation and may release the defendant with the reinstitution of bail pursuant to the Pennsylvania Rules of Criminal Procedure. The bail bondsman shall not be continued by the court as surety on reinstated bail unless a written consent is signed by the bail bondsman agreeing to such extension of suretyship.

42 Pa.C.S.A. § 5747.1 (a), (b)(1) and (2).

In the case *sub judice*, the trial court initially entered a bench warrant, as well as forfeited bail, on January 28, 2020, because the trial court believed, albeit mistakenly, that Defendant Speedwell had failed to appear for a scheduled court proceeding (his arraignment).  Upon discovering its error, on January 29, 2020, the trial court vacated the bench warrant as improvidently issued and reinstated bail.

Given this situation, namely that Defendant Speedwell did not fail to appear at his arraignment and his bail was initially forfeited due to a court error, the trial court reasoned that it was not obligated to secure the written consent of Bondsman McCue to continue to hold him as surety on the reinstated bail.  **See** Trial Court Opinion, filed 11/5/20, at 1.  Specifically, the trial court reasoned that the written consent provision of Section 5747.1(b)(2) was not "triggered."  **Id.**

In this vein, the trial court indicated the following:

[W]e find that because [Defendant Speedwell] did in fact appear at arraignment and did not violate his bail conditions, the

- 7 -

requirement to obtain a bondsman's consent to continue the suretyship was not triggered. The initial order forfeiting [Defendant Speedwell's] bail…lack[ed] statutory authority for forfeiture in the first instance given that the defendant was in compliance with bail conditions and not lawfully subject to forfeiture. The order issued the very next day vacating the bench warrant as having been improvidently issued evidences this fact.

Trial Court Opinion, filed 11/5/20, at 1 (citation omitted).

We agree with the trial court's sound reasoning. The plain language of Section 5747.1(a) indicates that the statute applies where "a defendant in a criminal prosecution fails to appear for any scheduled court proceeding[.]" 42 Pa.C.S.A. § 5747.1(a). Here, the trial court found Defendant Speedwell did not fail to appear at his arraignment.

Simply put, the plain language of the statute does not contemplate that the trial court must secure the written consent of the bail bondsman in order to continue suretyship where the initial forfeiture of bail was due to a court error. **See Kingston**, **supra** (discussing rules of statutory interpretation). As the trial court astutely acknowledged, "To conclude otherwise would create an absurd result where a defendant who did not violate the conditions of his bail…is nonetheless subject to the reaffirmed consent of the bondsman by no error of his own." Trial Court Opinion, filed 11/5/20, at 1. Accordingly, we find no merit to Appellants' contention that the trial court violated Section

5747.1 in reinstating Defendant Speedwell's bail and continuing Appellants' surety without written consent on January 29, 2020.[4]

In their next issue, Appellants contend the trial court's denial of their "Motion to Vacate Bail Forfeiture and Exonerate Surety" violated their due process rights under the United States and Pennsylvania Constitutions. Specifically, they contend they will be unconstitutionally deprived of their property ($50,000.00) since the trial court improperly reinstated Defendant Speedwell's bail without Bondsman McCue's written consent as required by Section 5747.1.

In this vein, they argue:

> The money Appellants must pay is their property. It was earned as proceeds from legitimate business operations here in the Commonwealth of Pennsylvania. Appellants were entitled to the process set forth in [Section 5747.1]; the requirement and option to give their consent for a reinstated bail. They have been denied that process.

Appellants' Brief at 10.

As is evident, Appellants' due process claim is premised upon their first argument, *i.e.*, that the trial court violated Section 5747.1 when it reinstated Defendant Speedwell's bail on January 29, 2020, without written consent from

_____

[4] We further find that, since the trial court properly reinstated bail on January 29, 2020, there is no merit to Appellants' argument that bail was not validly posted when Defendant Speedwell failed to appear at his pre-trial conference. Accordingly, the March 5, 2020, forfeiture of bail is not a legal nullity as alleged by Appellants.

Bondsman McCue. However, inasmuch as we have found no merit to Appellants' first argument, we likewise find no merit to their due process claim.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/14/2021